IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:07-1149-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Steven Eddington, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief filed pursuant to 28 U.S.C. § 2255. The Government has responded in opposition, and Defendant has replied. For the reasons set forth below, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

**BACKGROUND**

On September 19, 2007, Defendant was indicted for his role in a bank robbery conspiracy, a violation of 18 U.S.C. §§ 371 and 2113(a) (Count 1); carrying an explosive (gun powder) during the commission of a felony, in violation of 18 U.S.C. § 844(h)(2) (Count 2); possession of unregistered destructive devices (pipe bombs), in violation of 26 U.S.C. § 5861(d) (Count 3); and possession of destructive devices (pipe bombs), in violation of 18 U.S.C. § 922(c)(1)(A) (Count 4).

Defendant proceeded to trial and on January 31, 2008, was convicted on all counts. A Presentence Report (PSR) was thereafter prepared. On July 31, 2008, Defendant appeared with counsel for sentencing. Defendant presented no objections to the PSR. The court adopted the factual findings of the PSR and sentenced Defendant to 521 months' imprisonment. Defendant filed a timely Notice of Appeal to the Fourth Circuit Court of Appeals. On March 11, 2011, Defendant's convictions and sentences were affirmed. *United States v. Eddington*, 416 F. App'x 258 (4th Cir.

2011). On March 8, 2012, Defendant through counsel filed the instant motion for relief, alleging several instances of ineffective assistance of trial counsel.

**STANDARD**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

The mere fact that trial counsel's strategy was unsuccessful does not render counsel's assistance unconstitutionally ineffective. *Strickland*, 466 U.S. at 689. *See also Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995).

**DISCUSSION**

Defendant maintains counsel was ineffective in failing to fully investigate Defendant's case and present evidence that Defendant "acted under duress and that he attempted to withdraw" from the conspiracy; that counsel failed to have Defendant evaluated by a psychiatric expert which (allegedly) would have "helped establish a defense of duress"; and that counsel failed to "adequately

2

advise [Defendant] of the issues surrounding the trial and the severity of the penalty if he was convicted." Memo. in Supp. at 3 (ECF No. 343).

In response, the Government offers numerous pages of trial testimony, as well as the affidavit of Herbert W. Louthian, Sr., Defendant's trial counsel. Louthian avers that he raised the defenses of coercion and duress, which were submitted to the jury. Additionally, Louthian attests that he offered the testimony of Defendant's mother and sisters that they called authorities several times to inform law enforcement of Defendant's whereabouts. Louthian avers that "[t]here was abundant testimony from [Defendant's] mother and sisters about the numerous phone calls that they said they had made to Crime Stoppers. This testimony was never challenged by the Government." Aff. at ¶ 4 (ECF No. 345-1). Louthian also subpoenaed the custodian of the Crime Stoppers' telephone records, but these records only showed one call, which Louthian felt would undercut that testimony of several calls were placed.

Louthian represented Defendant for approximately one year prior to his conviction. Louthian avers that he

> did not have him examined by a psychiatric expert, and if I had thought that an expert would have made a case for the defense of coercion or duress, I would have asked for an examination. On the other hand, if the expert had found no psychiatric condition which would have supported that defense, the government would have had the expert available to call as their witness which would, in my opinion, have had a profound adverse effect on the issue of duress.

*Id*. at ¶ 7. Finally, regarding the issue of counsel's advice to Defendant regarding "the issues surrounding the trial and the severity of the penalty if [Defendant] was convicted, Louthian attests that

> shortly before trial, I engaged in negotiations with the Assistant United States Attorney who agreed to cap his sentence in the range of 15 years. I felt that this was the maximum that he would have received under the offer and there was a possibility that he could have gotten less if he had allowed me to negotiate. I conferred with

3

> [Defendant] shortly before trial and urged him to give serious consideration to the offer. I did advise him that he would receive in excess of 41 years if he was convicted, and I asked him to sign a written statement acknowledging what the plea offer was by the government, and what he would receive by way of sentence if he was convicted after trial, and he refused to sign such a statement. [Defendant] told me the day before trial that he wanted to discuss this plea offer with his mother on prior to making a final decision. His mother called me, as I recall, the evening before the trial began and told me that he had decided to go to trial.

*Id.* at ¶ 8.

Defendant provides no affidavit in response to counsel's averments. Defendant's argument in response to the Government's motion and counsel' affidavit fails to show how counsel's representation was ineffective.[1] Therefore, for these reasons and the reasons noted in the Government's response in opposition to Defendant's motion, the Government's motion for summary judgment is **granted** and Defendant's motion is dismissed with prejudice.

**CONCLUSION**

The Government's motion for summary judgment is **granted** and the motion for relief is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1] Defendant presents the affidavit of his mother, Sherry Chambers, in response to the Government's summary judgment motion. Chambers' affidavit is a reiteration of her trial testimony, and does not speak to counsel's alleged ineffectiveness.

4

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 5, 2012